IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**NOBLE RAY BELL, #09236**                                                                    **PETITIONER**

**v.**                                            **CIVIL ACTION NO. 3:13CV429-TSL-JCG**

**STATE OF MISSISSIPPI**
**and WARDEN FAYE NOEL**                                                       **RESPONDENTS**

## REPORT AND RECOMMENDATIONS

BEFORE THE COURT is the Application of Noble Ray Bell ["Petitioner"] for Writ of Habeas Corpus [1] pursuant to Title 28, United States Code, Section 2254 filed July 5, 2013. On January 22, 2014, the State of Mississippi and Warden Faye Noel ["Respondents"], filed a Response [27] to the instant Petition. Having considered the Petition, Response, pleadings, records on file, the arguments of the parties, and the relevant legal authority, the undersigned United States Magistrate Judge recommends that Petitioner's request for relief pursuant to 28 U.S.C. § 2254 be denied.

## PROCEDURAL HISTORY

In this habeas corpus petition, Bell challenges the 2011 revocation of his supervised probation by the Hinds County Circuit Court. Bell had received a fifteen year sentence for sexual battery, of which thirteen years and ten months were suspended. He completed his one year and two month period of incarceration and was released to begin his five year period of supervised probation. Shortly thereafter, Bell was indicted for 1) failing to register as a sex offender, 2) kidnapping, and 3) possessing a Schedule II controlled substance with the intent to

distribute. As a result, the State filed a petition to revoke Bell's supervised probation. At the revocation hearing, Bell admitted to failing to properly register as a sex offender. Seven years of Bell's suspended sentence were reinstated, and the three charges were nolle prossed.

Bell challenged the revocation of his supervised probation in a state habeas proceeding, beginning with a motion for post-conviction relief filed with the Hinds County Circuit Court. The Circuit Court reviewed Bell's claims "asserting mainly that at the revocation hearing he was under the influence of drugs and thus did not knowingly and voluntarily confess to 10-0-501(1). He also asserts other constitutional claims such as violation of due process and ineffective assistance of counsel." (S.R. 144, ECF No. 28-1). The court found that none of the claims had merit, and denied the petition. (*Id*. at 145).

Bell appealed to the Mississippi Supreme Court. On July 16, 2013, the Mississippi Court of Appeals affirmed the judgment of the Circuit Court in *Bell v. State*, 117 So.3d 661 (Miss. Ct. App. 2013). The Appeals Court addressed Bell's claims of falsified documents, ineffective assistance of counsel, involuntary plea, double jeopardy and speedy trial. *Id*. None of the claims entitled Bell to post-conviction relief. *Id*. at 665. Bell took no further action on his request for post-conviction relief in the state courts. However, approximately ten days before the Appeals Court issued its opinion, Bell filed this federal habeas petition.

In this Court, Bell has filed both an original and what appears to be a

supplemental habeas petition. (ECF Nos. 1, 10). Bell claims in his original petition that 1) his due process rights were violated because the state court failed to inform him of the terms and conditions of his probation, failed to hold a preliminary hearing, failed to hold a revocation hearing, and failed to allow him an opportunity to demonstrate he is actually innocent of the alleged violations; and 2) he received ineffective assistance of counsel because he was not informed about the potential for revocation of his probation before appearing in court.

In the supplemental petition, he claims first that he was "on unknown drugs" during his hearing, and only pleaded guilty because he was "severely threaten[ed]." (Suppl. Pet. 5, ECF No. 10). He contends that his speedy trial rights were violated, and that his counsel was ineffective because he worked "in favor of state to please his law school friend." (*Id*. at 8). Bell also contends that the documents in the record indicating that open court proceedings had taken place must be false, because he has no knowledge of the proceedings. Finally, Bell argues he has been subjected to double jeopardy, because the State has compelled him to plead guilty to the same sexual battery charge twice.[1] Throughout his filings, Bell insists that he should not be in prison because the charges that led to the revocation of his supervised probation were dismissed.[2]

---

[1] Bell refers to a sixth ground for relief in his supplemental petition, but the Court is unable to locate a description of the claim in Bell's pleadings.

[2] Bell's chief complaint seems to be based on his misunderstanding of the revocation procedure. The State chose not to prosecute the three charges against him, but that had no effect on the court's finding, based on his admission, that he

The Respondents argue that Bell may not obtain federal habeas review of his reimposed sentence because he has failed to exhaust his state court remedies. Specifically, after the Mississippi Court of Appeals denied his appeal, Bell did not file a motion for rehearing in the Court of Appeals or a petition for writ of certiorari to the Mississippi Supreme Court.

## LAW AND ANALYSIS

"Applicants seeking federal habeas relief under § 2254 are required to exhaust all claims in state court prior to requesting federal collateral relief." *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999); *see also Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998). Section 2254 provides in pertinent part, "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." § 2254(b)(1)(A).

Further, "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." § 2254(c). In order to exhaust, prisoners must give state court systems the full opportunity to resolve federal constitutional claims through the established state appellate review process prior to filing in federal court.

---

had violated the terms of his supervised probation.

*O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).  Generally, the prisoner must present his claims before the state's highest court in a procedurally proper manner.  *Id.*  The Mississippi Uniform Post-Conviction Collateral Relief Act provides an available procedure in  state court.  *See* Miss. Code Ann. § 99-39-1, *et seq*.  Under Mississippi law, an appellant who is displeased with the decision of the Mississippi Court of Appeals must file a motion for rehearing with that court, and if the result of the rehearing proceeding is dissatisfactory, file a petition for writ of certiorari with the Mississippi Supreme Court to obtain review of the Court of Appeals decision.  *See* Miss. R. App. P. 17(b).

While an appellant has no right to review, he or she has the right to seek review.  *See, e.g., Cohen v. State,* 732 So.2d 867, 871 (Miss. 1999).  In this case, Bell failed to file a petition for writ of certiorari.  His failure to seek discretionary review with the Mississippi Supreme Court renders his claims unexhausted.  *See, e.g., Richardson v. Procunier,* 762 F.2d 429, 431 (5th Cir. 1985) (rejecting argument that discretionary appeal to state supreme court is unnecessary for the purpose of exhausting state remedies); *see also O'Sullivan,* 526 U.S. at 845 (holding that state prisoner must present his claims to state supreme court in a petition for discretionary review when that review is part of the state's ordinary appellate review).  The time to seek certiorari review has long expired.  *See* Miss. R. App. P. 17(b) (requiring petition for writ of certiorari to be filed within fourteen days from the date of entry of the judgment by the Court of Appeals on the motion for

rehearing). Therefore, a return to State court would be fruitless in this case.

Because Bell's State court remedies were rendered unavailable by his own failure to properly exhaust his claims, he has procedurally defaulted his claims for purposes of federal habeas review. *See Finley v. Johnson,* 243 F.3d 215, 220 (5th Cir. 2001) ("If a petitioner fails to exhaust his state remedies, but the court to which he would be required to return to meet the exhaustion requirement would now find the claims procedurally barred, then there has been a procedural default for purposes of federal habeas corpus relief."). However, a federal court "may resurrect a defaulted claim, and consider its merits" under two narrow exceptions: cause and actual prejudice or miscarriage of justice. *Bagwell v. Dretke*, 372 F.3d 748, 755 (5th Cir. 2005).

Bell has not attempted to argue any external "cause" for his default, and accordingly he has failed to demonstrate the requisite "cause and prejudice" necessary to obtain review of his claims. *Coleman v. Thompson,* 501 U.S. 722, 753 (1991) ("'[C]ause' under the cause and prejudice test must be something external to the petitioner, something that cannot fairly be attributed to him [.]"). Nor does the Court find that failure to address the claims would result in a miscarriage of justice. The miscarriage of justice exception is confined to cases of actual innocence "where the petitioner shows, as a factual matter, that he did not commit the crime of conviction." *Fairman v. Anderson,* 188 F.3d 635, 644 (5th Cir. 1999) (citation omitted). Bell argues that he was forced into admitting he violated the

-6-

conditions of his supervised probation by failing to register as a sex offender, but he offers no evidence that as a factual matter his admission was incorrect – that he actually did register as a sex offender. Without any evidence to show that Bell meets the miscarriage of justice exception, the Court finds it inapplicable. For these reasons, Bell's petition should be dismissed.

## RECOMMENDATION

Based on the above analysis, the undersigned recommends that the Petitioner's Application for Writ of Habeas Corpus pursuant to Title 28, United States Code, Section 2254, be denied and this case dismissed.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3), Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi, each party has fourteen (14) days to serve and file written objections to the Report and Recommendation; the objections must be filed with the Clerk of this Court, and must serve them upon the other parties and submit them to the assigned District Judge. Within seven (7) days of service of the objection, the opposing party or parties must either serve and file a response or notify the District Judge that they do not intent to respond to the objection. An objecting party must specifically identify those findings, conclusions, and recommendations to which he objects; the District Court need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed

findings, conclusions, and recommendations within fourteen days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion accepted by the District Court to which he did not object.

**SIGNED,** this the 23rd day of November, 2015.

*s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE